UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARGARITA XEC TECUM,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; PATRICK DIVVER, Acting Field Office Director, San Diego Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No.: 3:26-cv-06225-LEK-JAC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before this Court is Petitioner Margarita Xec Tecum's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on November 1, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden, Otay Mesa Detention Center, San Diego, California; Patrick Divver, Acting Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs

Enforcement ("ICE"); U.S. Department of Homeland Security ("DHS"); David Venturella, Acting Director, ICE, DHS; Sirce Owen, Acting Director for Executive Office for Immigration Review ("EOIR"); Markwayne Mullin, Secretary, DHS; and Todd Blanche, Attorney General of the United States (collectively "Respondents"), filed a response to the Petition ("Response") on November 10, 2026. [Dkt. no. 4.] On November 16, 2026, Petitioner filed a traverse ("Traverse"). [Dkt. no. 5.]

## BACKGROUND

Petitioner, an indigenous woman from Guatemala, and her son entered the United States without inspection and were detained by immigration officers. See Petition at ¶¶ 1, 6.[1] After she was released from detention on her own recognizance, Petitioner was issued a Notice to Appear, which was dismissed on November 7, 2022. See id. at ¶¶ 7-8; Response, Exh. 1 (Form I-213) at 2. Petitioner asserts that, after the Notice to Appear was dismissed, she was told by immigration officers that she was no longer required to report. See Petition at ¶ 8.

On October 26, 2026, while leaving work with several coworkers in a vehicle, Petitioner was re-detained by ICE. See id. at ¶¶ 1, 9. She asserts that Respondents provided no notice explaining why she was being re-detained or any type of

---

[1] Petitioner asserts that she "and her son entered the United States without inspection in early to mid-October of 2019." [Petition at ¶ 6.] She also asserts that, after entering the United States, she and her son encountered and were detained by Border Patrol agents, see id., "but were then released on their own recognizance on approximately October 21, 2019," [id. at ¶ 7]. Government records, however, indicate that Petitioner entered the United States without inspection on September 26, 2018. See, e.g., Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 10/26/26 ("Form I-213")) at 2. Petitioner acknowledges that she does not possess documents related to her initial detention and release. See Petition at ¶ 7. The year that Petitioner entered the United States, however, does not have any bearing on the merits of the Petition. For purposes of this Court's analysis, this Court assumes that Petitioner entered the United States without inspection in 2018.

individualized determination prior to her detention regarding Petitioner's risk of danger to the community or flight risk. She also asserts that she was not presented with a warrant prior to her re-detention. See id. at ¶ 10. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California. See id. at ¶ 1. Petitioner's primary argument is that her re-detention violates her due process rights. See id. at pgs. 16-17. Petitioner also argues that her re-detention violates Title 8 United States Code Section 1357(a) and Section 1226(a). See id. at pgs. 17-18. Petitioner alleges she is entitled to, *inter alia*, immediate release. See id. at pg. 18.

Respondents argue that Petitioner's re-detention is lawful and that the Petition should be denied because it is not ripe. See Response at 2. They contend that, pursuant to Title 8 United States Code Section 1231(a)(2), Petitioner's detention falls under the mandatory statutory removal period of ninety days. See id. at 2-3. They assert that Petitioner accepted voluntary departure from the United States. See id. at 3; see also id., Exh. 3 (DHS ICE Voluntary Departure and Verification of Departure, ICE Form I-210, dated 10/26/26 ("Form I-210")).[2] Because Petitioner has been detained for less than ninety days, and her voluntary departure deadline is within the ninety-day period, they submit that the Petition is not ripe for review. See Response at 3. Respondents also argue that Petitioner's challenge to her detention for purposes of removal is precluded by Title 8 United States Code Section 1252(g). [Id.] Finally, with respect to Petitioner's argument that she is entitled to immediate release because she was detained without a warrant, Respondents argue that Petitioner was issued an administrative warrant on October 26, 2026. See id. at 4; see also id., Exh. 2 (DHS Warrant for Arrest of Alien, Form I-200, dated 10/26/26).

---

[2] Petitioner also signed a Spanish translation of the Form I-210, which was dated October 26, 2026. See Response, Exh. 4. However, as explained *infra*, Petitioner's primary language is not Spanish.

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[3]

## DISCUSSION

### I. Detention Authority

This Court must first resolve the dispute concerning the applicable detention authority. Respondents argue that Petitioner's detention falls under Section 1231(a). See Response at 2-3. Petitioner, on the other hand, argues her detention falls under Section 1226(a). See Traverse at 1-2. Section 1231 governs detention after a removal order becomes administratively final. See Daniel L. v. Warden, Cal. City Det. Ctr., No. 1:26-CV-05789-RLP, 2026 WL 3228438, at *2 (E.D. Cal. Oct. 28, 2026) ("Once a removal order becomes final, detention is governed by 8 U.S.C. § 1231." (citing Johnson v. Guzman Chavez, 594 U.S. 523, 527-28 (2021))). In contrast, Section 1226 governs

---

[3] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

detention pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a).

Respondents fail to present any evidence that a final removal order was entered against Petitioner. See generally Response. Indeed, as Petitioner notes, there is no evidence that a Notice to Appear was issued as to Petitioner after her re-detention. See Traverse at 1 n.1. The only Notice to Appear that appears to have been issued as to Petitioner was dismissed on November 7, 2022. See *supra* Background Section. Respondents appear to suggest that Petitioner's acceptance of voluntary departure is, in effect, a final removal order. See Response at 2-3. Respondents present no authority to support this assertion. Even if this Court were to accept Respondents' argument, Petitioner has disavowed her decision to accept voluntary departure, and there is no indication that Petitioner understood the Form I-210 when it was presented to her in Spanish. See Traverse, Declaration of Margarita Xec Tecum ("Xec Tecum Decl.") at ¶ 3 ("I do not want to go back to Guatemala nor do I want a voluntary departure."); id. at ¶ 1 ("I do not know how to read and only write very little in Spanish."); id. at ¶ 6 ("This [Form I-210] was read to me in Spanish, which is a language I speak and understand, but my best language is Quiche.").[4] This Court therefore concludes that Petitioner's removal is not, as yet, final, and she is not subject to mandatory detention under Section 1231(a). Petitioner's re-detention, therefore, "continues to fall under 8 U.S.C. § 1226(a) as a noncitizen who unlawfully entered the United States at an unknown time, was unencountered upon entry, was living in the interior of the country, and was only recently placed in removal proceedings." See Fuga v. Warden, Cal. City Det. Facility, No. 2:26-

---

[4] PgID.57 of the Xec Tecum Declaration is a Certificate of Interpretation, which explains that the Xec Tecum Declaration was read to Petitioner in Quiché, and she agreed to the contents of the declaration.

cv-00654-JLT-SAB (HC), 2026 WL 1396685, at *4 (E.D. Cal. May 19, 2026) (citations omitted).

## II. Due Process

On this record, this Court analyzes Petitioner's current detention under Section 1226(a). While Respondents address Petitioner's argument with respect to her allegedly warrantless arrest, see Response at 4-7, they do not substantively address Petitioner's due process arguments concerning her re-detention without notice or any type of individualized determination prior to her re-detention, see Petition at ¶¶ 10, 62. This Court concludes that Respondents have waived any arguments going to the merits of Petitioner's due process challenge as it pertains to her re-detention without notice or an individualized determination by failing to raise them in their Response. See Perez Lopez v. Casey, Case No. 26-cv-04949-RFL, 2026 WL 2741864, at *2 (S.D. Cal. Sept. 16, 2026).

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." Valencia Zapata v. Kaiser, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will

be revoked only if they fail to live up to the . . . conditions of release.'" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in Pinchi) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[5]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why her parole was being revoked before she was summarily detained on October 26, 2026. See Petition at ¶ 10. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation she has already experienced. Only release from detention can accomplish that now.[6]

---

[5] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[6] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's claim under Sections 1357(a) and 1226(a). See Petition at pgs. 17-18.

Petitioner has also requested that this Court award her attorney's fees and costs. See id. at pg. 18. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Margarita Xec Tecum's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed November 1, 2026 is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's re-detention on October 26, 2026.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that her physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor on Petitioner upon her release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 27, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 19, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**MARGARITA XEC TECUM VS. CHRISTOPHER J. LAROSE ET AL., CASE NO. 3:26-CV-06225-LEK-JAC; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**